## SHELLABERGER *v.* SCHNABEL.

PATENTS; INTERFERENCE.

Where there are two issues in an interference, the first of which is
decided in favor of one of the contestants who is awarded
priority of invention, but the Commissioner decides that as to
the other issue it presents merely a structural and not a patent-
able difference from the first issue, and directs the issue of but
one patent, and that to the contestant awarded priority of
invention of the first issue, no appeal lies to this court by such
contestant from the decision of the Commissioner.

No. 23.  Patent Appeals.  Submitted January 13, 1897.  Decided February 10, 1897.

HEARING on an appeal from a decision of the Commis-
sioner of Patents in an interference proceeding.  *Affirmed.*

The facts are sufficiently stated in the opinion.

*Messrs. Offield, Towle & Linthicum* for the appellant.

*Mr. John R. Bennett* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner
of Patents in a case of interference.

The alleged invention in issue between the parties is de-
scribed in two counts as follows:

"1. A wire fencing-strip consisting of two continuous

parallel strands, and a continuous zigzag cross-wire intersecting said strands alternately and intertwisted with the strands at the points of intersection, substantially as specified.

"2. The combination with the parallel strands of a zigzag cross-wire intersecting said strands and twisted therewith, alternately in opposite directions, the intermediate portions of the cross-wire passing alternately from one side of the plane of the strands to the other, substantially as specified."

In the matter of the first issue, which in the record is frequently called the "over-and-over construction," the cross-wire is wound continuously over the two parallel wires. In the second, which is designated in the record as the "over-and-under construction," the cross-wire is wound alternately over and under the two continuous parallel strands. The Commissioner in his opinion holds the second construction to be merely a structural modification of the first and not to involve patentable invention.

Both by the examiner of interferences in the Patent Office and by the board of examiners-in-chief judgment of priority was awarded to Shellaberger, and their decision was affirmed by the Commissioner of Patents. Yet the anomaly is presented of an appeal by the party in whose favor a decision has apparently been rendered. But the anomaly, which is more apparent, perhaps, than real, arises from the fact that there are two issues in the interference; that as to the first of these the appellant, Shellaberger, was found by all the tribunals of the Patent Office and is conceded for all present purposes by the appellee to have been the first inventor, but that as to the second issue, while the examiner of interferences and the board of examiners-in-chief included that also in their award of priority to Shellaberger, the Commissioner of Patents in his opinion found it to have been original with the appellee, Schnabel, yet at the same time held that it presented merely a structural and not a patentable difference from the first issue, and that only one patent

should be issued, and that to Shellaberger, and he specifically affirmed the decision of the board of examiners. Shellaberger appeals from his decision on the ground that he should have been held entitled to priority for the second issue as well as for the first. Schnabel does not appeal. In fact, in the brief filed on his behalf he takes the ground that neither issue is patentable, and that both had been anticipated by other inventions.

We do not see upon what ground this appeal can be sustained or what need there was of taking it. Schnabel, the appellee, can have no patent. The declaration of the Commissioner that he was the first inventor of the construction specified in the second issue cannot avail him. The patent is awarded to Shellaberger, and his specifications of his invention, as stated in the two issues now before us, it is presumed, will be attached to the patent and will protect him against all the world as far as he is entitled to be protected by such patent. When he receives his patent covering and reciting specifications of both the issues, what does it matter to him that in the course of the proceedings the Commissioner gave expression to the opinion that Schnabel and not Shellaberger was the first actually to construct the matter of the second issue? If the Commissioner was right in his ruling that the difference between the two issues was only of a structural character, then the appellant, being the undoubted inventor of the first, which preceded the second in point of time, must be held both in law and in fact to have been the inventor also of the matter of the second issue. If, on the other hand, the Commissioner was wrong in that ruling, and there is patentable novelty in the second invention, yet that mistake does not injure the appellant, for the appellee gets no benefit from it, and the appellant, by the inclusion of it in his patent as one of the specifications of his claim, derives all the advantage from it that would accrue from an admission by the Commissioner of its patentability as a separate and distinct invention. In no aspect

of .the case, therefore, do we see how the appellant is preju-
diced by the decision of the Commissioner.

Another consideration which we should not ignore is this:
The appeal before us is only from so much of the decision,
or rather, of the opinion, of the Commissioner as awards
priority to the appellee in the matter of the second issue.
While we do not find from an examination of the record
that the Commissioner in contemplation of law made any
such award, yet, assuming for the present purpose that he
did so, we do not see that there is anything in the cause
upon which we can now act. The Commissioner having
held that the second issue presents no patentable novelty to
distinguish it from the first it is plain that the claims of the
parties before us in interference constitute no more than a
moot case, and courts of justice are not organized to adju-
dicate such cases.

In all cases of interference, patentable novelty is always
presumed. The presumption may be only a *prima facie*
presumption, and it may be that even after a final decision
in interference a patent may be refused to the successful
party for want of novelty in his alleged invention; but
when the Commissioner has determined that there is no
patentable invention, that determination, as long as it stands
and to the extent to which it goes, must be regarded as a
virtual dissolution of any previously declared interference,
for there cannot be interference in the legal sense unless
there is at least *prima facie* patentable novelty: Certainly
. it is not proper that we should proceed to determine rival
claims of interference upon appeal when the Commissioner
has already determined that, no matter which way we
decide, no patent can be issued for the special matter in
dispute, inasmuch as he regards it as destitute of patentable
novelty.

If either of the parties is aggrieved or his presumed
rights jeopardized by the Commissioner's determination in
that regard, he is not without remedy; but it is not apparent

to us that we can administer that remedy in the present proceeding.

We are of opinion that the decision of the Commissioner in this case must be *affirmed, and it is accordingly affirmed.*

*The clerk of this court will certify the proceedings of this court and this decision to the Commissioner of Patents, to be entered of record in his office, according to law.*