PARKER v. CRAFT et al.

(Court of Appeals of District of Columbia. Submitted May 16, 1919. Decided June 2, 1919.)

No. 1237, Patent Appeals.

PATENTS ⬤➝113(2)—APPEALS—DISSOLUTION OF INTERFERENCE PROCEEDINGS.

An order of the Commissioner of Patents dissolving an interference proceeding is a mere interlocutory order, from which no appeal lies to the Court of Appeals.

Appeal from the Commissioner of Patents.

Interference proceeding in the Patent Office between Frederick R. Parker and Edward B. Craft and John N. Reynolds. From an order of the Commissioner of Patents, dissolving the interference proceeding, Parker appeals. Appeal dismissed.

Frederick R. Parker, of Chicago, Ill., in pro. per.

William R. Ballard and D. C. Tanner, both of New York City, for appellees.

VAN ORSDEL, Associate Justice. This is an interference proceeding, in which appellant, Parker, appeals from an order of the Commissioner of Patents affirming the decision of the Board of Examiners in Chief "dissolving the interference on the ground that count 1 is unpatentable and count 2 cannot be made by Parker."

We are confronted at the threshold with a motion to dismiss the appeal for lack of jurisdiction. We have held in many cases that an order dissolving an interference is a mere interlocutory order, from which no appeal lies to this court. Carlin v. Goldberg, 45 App. D. C. 540; Field v. Colman, 47 App. D. C. 189. This is based upon the ruling that, in interference, appeal will lie to this court only from a judgment of priority. In re Fullagar, 32 App. D. C. 222; Cosper v. Gold, 34 App. D. C. 194; In re Carvalho, 47 App. D. C. 584.

Not only was there no order of priority in this case, but such a finding would have been inconsistent with the order of dissolution. A motion to dissolve an interference fundamentally challenges the right of one of the parties to make the claims. An order sustaining the motion, therefore, is equivalent to a holding that no interference in fact exists. Before an interference can exist, or a judgment of priority be rendered, not only must both parties have a right to make the claims of the issue, but the parties must have the right to claim, and in fact be claiming, the same thing.

It therefore follows that the order of the Commissioner in this case was not even the equivalent of a judgment of priority.

The appeal is dismissed.

Dismissed.