### SPATAFORA v. ZAIGER et al.
### Patent Appeal No. 3243.

Court of Customs and Patent Appeals.
March 5, 1934.

Wilkinson, Huxley, Byron & Knight, of Chicago, Ill. (Edward W. Shepard, of Washington, D. C., of counsel), for appellant.

Edward H. Cumpston, of Rochester, N. Y. (Charles Shepard, of Rochester, N. Y., of counsel), for appellee Zaiger.

Louis M. Schmidt, of Hartford, Conn. (Ralph Burch, of Washington, D. C., of counsel), for appellee Young.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

### BLAND, Associate Judge.

This is an appeal by Spatafora from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Examiner of Interferences. The concluding paragraph of the decision of the board is as follows:

"We accordingly hold that Spatafora is estopped to contest the count in issue. The decision of the Examiner of Interferences, denying his motion to substitute and holding that he is not the first inventor is affirmed."

The record discloses that Spatafora and Zaiger were first placed in interference No. 55,918 on a count covering the same invention but slightly different from the count involved in this appeal, by reason of certain limitations. That interference involved the Zaiger application, and an application of Spatafora filed in 1926, No. 144,001. Pursuant to an order to show cause, priority as between Spatafora and Zaiger was awarded to Zaiger. Spatafora, in interference No. 55,918, attempted to have his early application of 1924, No. 743,332, considered instead of his 1926 application. The count of the interference was inserted in Spatafora's 1924 application. The claim was rejected by the Examiner when presented in the 1924 application since it was held that the claim did not read on the disclosure of said application. Young was not a party to the first interference, although his application was pending in the Patent Office at the time the interference was declared. As far as the record discloses, Spatafora took no appeal in connection with any phase of interference No. 55,918.

The appeal in the case at bar arises from a second interference which was declared between the said Zaiger application, an application of Young, and the second, or 1926, application of Spatafora. It is contended here by appellee Young that the inclusion of Spatafora in the second interference was inadvertent and was a mistake and that he should not have been included in it by reason of the doctrine of estoppel which will be hereinafter discussed. Spatafora was, however, included in the three-party interference on his 1926 application and he inserted the count at bar in his 1924 application, by amendment, and moved, in the later interference, that the earlier application be substituted for his later, or 1926, application.

The Examiner of Interferences denied the motion to substitute, and, pursuant to an

order to show cause why judgment on the record should not be entered against Spatafora, held that since the application which Spatafora sought to substitute was pending during the first interference with Zaiger, and that since he made no attempt to bring forward, under rule 109, the count of the later interference, he was estopped from claiming it in the three-party interference, and that Spatafora was "not the first inventor of the subject matter in controversy."

It is from the decision of the Board of Appeals, affirming this decision of the Examiner of Interferences, that this appeal is taken.

The record of the first interference is not before us. In order that the facts may be fully understood, it is proper to here say that the board stated that the 1924 application of Spatafora would support the count involved in the three-party interference.

Appellant' here argues that he is entitled to appeal here from the alleged error committed by the board in finding that he was not the first inventor and in holding that he was estopped from claiming, in the three-party interference, the invention disclosed in his earlier application. He contends that since this is a three-party interference, estoppel, which might have applied in the two-party interference, cannot be invoked in the three-party interference, and that in any event the ruling on the issue of estoppel should have been withheld until priority was accorded, and that he should not have thus been taken out of the interference until after he had had the opportunity of taking testimony. He argues that since he is the first inventor in fact, his removal from the interference may result in granting priority to one who is not the first inventor. He further suggests that if he is not sustained in his right of appeal in the instant appeal, he might be denied the right of appeal when priority of the subject-matter of the involved count is finally awarded, and in this way he would have had no day in court.

Appellant admits that we are in no position to award priority to any one, but urges that we should reverse the finding of the board in finding that Spatafora was not the first inventor, and was estopped from contesting priority in the count, and that we should remand the cause to the Patent Office where Spatafora would continue in the interference with the right to take testimony.

The first question presented here, and the only question which we will be required to decide, is whether or not this court has jurisdiction to entertain the instant appeal.

By section 4911 of the Revised·Statutes, as amended (35 USCA § 59a), this court is authorized to entertain appeals from a decision of the Board of Appeals in interference cases. It has always been held, however, that the jurisdiction of this court in such appeals was confined to questions of priority and questions ancillary thereto. Gowen v. Hendry et al., 37 F.(2d) 426, 17 C. C. P. A. 789, Capek et al. v. Levis, Jr., 55 F.(2d) 476, 19 C. C. P. A. 843.

In the instant appeal, of which appellant seeks to have us take jurisdiction, there was no award of priority by the Board of Appeals. In the decision of the board, it does appear, however, that it found that appellant was not the first inventor. We think that the decision of the Board of Appeals and that of the Examiner of Interferences amounted to nothing more than a dissolution of the interference, at least as to appellant. From such a decision, no appeal can be entertained here. Parker v. Craft et al., 49 App. D. C. 88, 258 F. 988; Cosper v. Gold, 34 App. D. C. 194. See Shellaberger v. Schnabel, 10 App. D. C. 145; Headley et al. v. Bridges, 48 F.(2d) 938, 18 C. C. P. A. 1331. Also see Sundback v. Blair et al., 47 F.(2d) 378, 18 C. C. P. A. 1016.

As stated before, appellant urges that if it is held that he is not permitted to appeal in the instant case, and is not permitted to appeal when award of priority of the count involved here is finally decided by the Board of Appeals, he has had no opportunity of questioning the correctness of the ruling of the tribunals below on the question of estoppel. Appellant further suggests that if an appeal was then allowed and final award made, he would be before this court without a record of the testimony and proof which he might wish to introduce. The questions suggested above are not before us for decision here.

Appellee Zaiger appears in this court in this proceeding and in brief states that he does not oppose the appeal of Spatafora. He contends that the proceedings should not be terminated without a full opportunity to develop all the facts. He states that Spatafora is prior to Young in the invention of the subject-matter of the count, points out that if Spatafora is eliminated on technical grounds, an invalid patent may be granted to Young, and that he, Zaiger, waives any

estoppel against Spatafora which might be available to Zaiger.

Appellee Young presses the contention that the three-party interference was a mistake on the part of the Patent Office (see Campbell v. Dyson et al., 242 O. G. 253, 1917 C. D. 56); that Spatafora should not have been included therein by reason of the doctrine of estoppel; and that the decision of the board, which we are now called upon to reverse, amounts to nothing more than a dissolution of the interference, at least as to appellant. Appellee Young points out that Spatafora cannot contend that he has not had full opportunity to have a day in court; that under rule 109 it was his duty in his interference with Zaiger to bring forward the count now in controversy and that, having failed to do so, he is estopped in the three-party interference from claiming that which he failed to claim under rule 109 in the two-party interference. Appellee Young argues, citing Armitage v. Archea, 1932 C. D. 12, 424 O. G. 329, that Spatafora in any event, by reason of estoppel, could not receive a patent and that the Patent Office tribunals were fully justified in removing Spatafora from the three-party interference on account of the trouble and expense which would be occasioned by his continuance therein.

Irrespective of what our conclusions might be under circumstances suggested by the parties, but which are not before us, we are certain that we have no jurisdiction to entertain the instant appeal, and the same is dismissed.

Dismissed.